UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENXIONG HUANG,

                            Plaintiff,

                  - against -

MINGHUI.ORG, ZHENGJIAN.ORG, EASTERN US
BUDDHAS STUDY FALUN DAFA ASSOCIATION,
RONG YI, YI CAI, HAO YE, US SOUTHWESTERN
FALUN DAFA ASSOCIATION, YOUFU LI, MID-
USA FALUN DAFA ASSOCIATION, SEN YANG,
YUN SONG, SIWEI MENG, FENG YUAN,

                           Defendants.

**OPINION AND ORDER**

17 Civ. 5582 (ER)

Ramos, D.J.:

Renxiong Huang, proceeding *pro se*, brings this action against Falun Gong[1] organizations

Minghui.org, Zhengjian.org,[2] Eastern US Buddhas Study Falun Dafa Association, US

Southwestern Falun Dafa Association, Mid USA Falun Dafa Association, and eight individual

Falun Gong practitioners who are closely affiliated with the religion and its media outlets

(collectively, "Defendants").  Second Amended Complaint ("SAC") ¶ 1.3, Doc. 43.

Huang alleges defamation and invasion of privacy.  *See id.* at 2.  Pending before the

Court is Defendants' motion to dismiss Huang's Second Amended Complaint ("Defs.' Mot.

Dismiss SAC").  Doc. 55.  For the reasons discussed below, Defendants' motion is GRANTED.

---

[1] Falun Gong is a religious spiritual practice that, according to Huang, the Chinese Communist Party has
been trying to eradicate. *Renxiong Huang v. Minghui.org*, 17 Civ 5582 (ER), 2018 WL 3579103, at *1
(S.D.N.Y. July 25, 2018) ("*Huang I*").

[2] Minghui.org is a website dedicated to reporting on the Falun Gong community worldwide. *Huang I* at
*1.  The primary source of news that get disseminated on Minghui.org are first-hand reports from China.
*See* SAC, Ex. AA8, Doc. 43.  Zhengjian.org is a similar website that disseminates Falun Gong-related
news to the religion's practitioners. *See Id.*, ¶ 3.1, Doc. 43.

## I.    BACKGROUND[3]

Huang filed the instant action on July 21, 2017.  *See* Compl., Doc. 1.  On November 13,

2017, Huang filed an Amended Complaint ("Amend. Compl.") invoking federal-question

jurisdiction under 28 U.S.C. § 1331 and alleging (1) discrimination under the Civil Rights Act of

1964; (2) violations of the First Amendment; (3) claims under 28 U.S.C. § 4101; (4) defamation

pursuant to N.Y. C.P.L.R. § 215(3) and the Restatement (Second) of Torts.  Amend. Compl. ¶¶ I,

2.3, Doc. 24.  He sought in excess of $1.4 billion in damages.  *Id.* at 8.  On January 12, 2018,

Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6) ("Defs.' Mot. Dismiss").  Doc. 27.  Thereafter, on July

25, 2018, this Court granted Defendants' motion to dismiss without prejudice and permitted

Huang to re-plead his claims in a Second Amended Complaint ("SAC").  *See Huang I* at *6.

On September 17, 2018, Huang filed an SAC alleging (1) defamation pursuant N.Y.

C.P.L.R. § 215(3); and (2) invasion of privacy pursuant to N.Y. Civil Rights Law § 50 and 51.

*See* SAC ¶¶ 2.1, 2.3, Doc. 43.  Huang seeks $1.2 million in damages.  *See id.* ¶ 2.3.  These

claims are based on two articles that appeared in two websites that are closely associated with the

Falun Gong organization.  The first article appeared on Minghui.org in 2003.  It lists Huang's

personal information including his name, name on the passport, birth date, passport number,

refugee ID, and home address, and it provides a photo of Huang.  *See id.*, Ex. AA2a and AA2c.

In its entirety, the article states:

> In May 2003, Huang Renxiong came to Thailand from Mainland China and
> presented himself as a Dafa practitioner in order to deceive local practitioners.  In
> both Thailand and China, some practitioners who didn't deeply understand the Fa
> were deceived.  His behavior has severely disturbed practitioners' cultivation
> practice.  We hope those practitioners who were deluded by him will become clear

---

[3] The following facts, accepted as true for purposes of the instant motion, are based on the allegations in
Huang's SAC as well as the facts in *Huang I* at *1–6.

minded as soon as possible, treat the Fa as teacher, eliminate attachments to fame, personal interest and sentimentality, and become righteous practitioners once again.

*Id.* The second article appeared on Zhengjian.org in 2016. Based on the English translation provided in the SAC, the 2016 article is written from the perspective of an individual who traveled to Japan from China, presumably because of persecution based on his/her participation in Falun Gong. *Id.,* Ex. AA5. The translation does not provide additional information on the identity of the author. The author claims that during the process of trying to procure a visa to the United States, the author "realized" that the husband of his/her good friend "is the special agent from the Chinese Communist Party, as published by [M]inghui.org ten years ago." *Id.* The author further states that "[m]y long time good friend actually turned out to be a fake practitioner but a real special agent." *Id.* Neither the name nor a photograph of the "special agent" is provided in the article.

On February 11, 2019, Defendants moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. Dismiss SAC, Doc. 55. On March 11, 2019, in response to Defendants' motion to dismiss the SAC, Huang sent a letter titled "Important View Point" ("Opposition"). Doc. 59. However, Huang did not address any of Defendants' arguments in his Opposition. *Id.*

In the memorandum in support of their motion to dismiss the SAC ("Defs.' Memo"), Defendants claim that: (1) Huang's defamation claim fails because it is time barred and is, in any event, non-actionable; (2) his claim for invasion of privacy regarding the 2003 article fails because it is time barred; (3) his claim for invasion of privacy regarding the 2016 article fails because he has not demonstrated that the posting is for advertising or commercial use, which is required for showing a cause of action under New York law; and (4) Huang violated the Federal Rule of Civil Procedure 8(a) by improper group pleading. See Defs.' Memo at 2, Doc. 57.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to satisfy the pleading standard under Rule 8, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (internal citation omitted). Accordingly, a plaintiff is required to support her claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted).

### B. *Pro Se* Plaintiff

The same standard applies to motions to dismiss in cases brought by *pro se* plaintiffs. *Davis v. Goodwill Indus. of Greater New York & New Jersey, Inc.*, 2017 WL 1194686, at *5 (S.D.N.Y. Mar. 29, 2017) (citing *Zapolski v. Fed. Repub. of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011)). The Court remains obligated to construe a *pro se* complaint liberally, and to interpret a *pro se* plaintiff's claims as "rais[ing] the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation omitted). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a *pro se* complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Iqbal*, 556 U.S. at 678. (internal quotations omitted).

## III. DISCUSSION

Although Huang alleges only federal question jurisdiction, both of Huang's causes of action assert New York state law claims: (1) defamation pursuant to N.Y. C.P.L.R. § 215(3); and (2) invasion of privacy pursuant to N.Y. Civil Rights Law § 50 and 51, including appropriation of name and likeness, and false light. However, at least for purposes of the instant motion, Defendants appear to concede that the Court may exercise diversity jurisdiction over Huang's claims.[4]

### A. Defamation Claim

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012) (internal citation omitted). To state a claim for defamation under New York law, a plaintiff must allege "(1) a false statement of fact, (2) about the plaintiff, (3) published to a third party without authorization or privilege, (4) through fault amounting to at least negligence, and (5) causing defamation per se or a special harm." *Antares Mgmt. LLC v. Galt Glob. Capital, Inc.*, No. 12 Civ. 6075 (TPG), 2013 WL 1209799, at *13 (S.D.N.Y. Mar. 22, 2013). Even under

---

[4] Where the amount in controversy is satisfied, the Court has diversity jurisdiction over actions between "citizens of different States," 28 U.S.C. § 1332(a)(1). At the pre-motion conference on January 10, 2019, Huang confirmed he resides in Maryland, where no Defendants reside. *See* Defs.' Memo at 5, n.2, Doc. 57. Because Defendants treat the SAC as alleging diversity jurisdiction, the Court may exercise subject matter jurisdiction over Huang's claims. *Id.*

the more liberal standard of Federal Rule of Civil Procedure 8, to establish a claim for

defamation, Plaintiff must identify "(1) the allegedly defamatory statements; (2) the person who

made the statements; (3) the time when the statements were made; and (4) the third parties to

whom the statements were published." *Yukos Capital S.A.R.L. v. Feldman*, No. 15 Civ. 4964

(LAK), 2016 WL 183360, at *1 (S.D.N.Y. Jan. 11, 2016) (internal citation omitted).

A defamatory statement "exposes an individual 'to public hatred, shame, obloquy,

contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or . . .

induce[s] an evil opinion of one in the minds of right-thinking persons, and . . . deprives one of

. . . confidence and friendly intercourse in society.'" *Celle v. Filipino Reporter Enters. Inc.*, 209

F.3d 163, 177 (2d Cir. 2000) (alteration in original) (internal citation omitted). On a motion to

dismiss a defamation claim, the court must decide whether the alleged statements are

"reasonably susceptible" to defamatory meaning. *Dworin v. Deutsch*, No. 06 Civ. 13265 (PKC),

2008 WL 508019, at *3 (S.D.N.Y. Feb. 22, 2008).

### 1. The 2003 posting is time barred.

Huang alleges a state law claim of defamation pursuant to N.Y. C.P.L.R. § 215(3)

regarding two articles that were posted online. He alleges that the first article was posted on

Minghui.org on July 29, 2003, and that the second article was posted on Zhengjian.org on

December 29, 2016. *See* SAC ¶ 3.2, Doc. 43; *see also* Defs.' Memo at 3, Doc. 57.

The 2003 posting is time barred because in New York, defamation actions must be

commenced within one year from the date the alleged defamatory statement is made. *See Rand

v. New York Times Co.*, 75 A.D.2d 417, 424, (1st Dep't. 1980); *Torres v. CBS News*, 879 F.

Supp. 309, 315 (S.D.N.Y. 1995), *aff'd*, 71 F.3d 406 (2d Cir. 1995); CPLR § 215(3). The 2003

article is time barred even if it remains accessible on the internet because under the "single

publication rule," a libel claim accrues on the "earliest date" it "became generally available to the public." *Van Buskirk v. New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) (internal quotation omitted); *see also Firth v. State*, 775 N.E.2d 463, 466–67, 2002 WL 1418699 (N.Y. 2002) (explaining that plaintiff's defamation claim was barred by the one-year statute of limitations even though the defamatory material remained on the web site beyond the date of its initial posting and could be accessed at any time by anyone who clicked on the web site).

The 2003 article was published 14 years prior to Huang's filing of his initial complaint, and is therefore outside of the one year time limit. The 2003 article therefore cannot provide a basis for the defamation claim.

### 2. The 2016 posting is not defamatory because it neither names Huang nor makes him identifiable.

The 2016 posting is not time barred, but a claim based on this posting fails because it is not defamatory. In order for a defamatory statement to be actionable, the plaintiff has the burden to show that it was published of and concerning him. *See Fetler v. Houghton Mifflin Co.*, 364 F.2d 650, 651 (2d Cir. 1966). This burden is not a light one; the libel must designate the plaintiff in such a way as to let those who knew him understand that he was the person meant. *Id.*, 364 F.2d at 651, 653. A complaint must be dismissed where this requirement is not satisfied. *See Cerasani v. Sony Corp.*, 991 F.Supp. 343, 355 (S.D.N.Y. 1998). Unlike the 2003 posting, the 2016 article neither names him nor makes him identifiable. *See* Defs.' Memo at 5, Doc. 57. Huang does not allege sufficient factual evidence that demonstrates that the 2016 article was published concerning him or that those who knew him would recognize it as concerning him. Because Huang failed to satisfy this burden, his defamation claim regarding the 2016 posting must be dismissed.

**B. Invasion of Privacy Claim[5]**

Huang alleges claims for false light (based on the content posted in both 2003 and 2016) and appropriation of his name and likeness (based solely on the article posted to Minghui.org in 2003). *See* SAC ¶¶ 2.1, 2.3, Doc. 43. The Court finds that his invasion of privacy claim fails under both theories.

**1. This claim based on the 2003 posting is time barred.**

Huang added a new claim of invasion of privacy in his SAC. *See id.* Specifically, Huang alleges claims of appropriation of his name and likeness, and false light under the N.Y. Civil Rights Law § 50 and 51 as a result of the 2003 Minghui.org posting, which included his name and photo. *Id.* This claim fails, however, because it is time barred. The claims under N.Y. Civil Rights Law § 50 and 51 are subject to the one-year statute of limitations. *See* CPLR § 215(3); *see also McKenzie v. Dow Jones & Co.*, 355 Fed. App'x 533, 535 (2d Cir. 2009). The 2003 posting is well past the one-year statute of limitation, and thus, the claim regarding the 2003 posting must be denied.

**2. The claim based on the 2016 posting fails because Huang did not demonstrate that the article was used for advertising or commercial purposes.**

New York does not recognize a common-law right of privacy, but Civil Rights Law §§ 50 and 51 provide a limited statutory right of privacy. *See Messenger v. Gruner + Jahr Printing & Pub.*, 94 N.Y.2d 436, 441 (N.Y. 2000). To withstand a motion to dismiss and maintain and equitable action, "any person whose name, portrait, picture or voice is used within this state" must show that Defendant acted "for advertising purposes or for the purposes of trade without a

---

[5] Only the 2003 article, not the 2016 article, posted Huang's name and picture. *See* SAC, ¶ 1.4, Ex. AA2C, AA5., Doc. 43. Thus, the appropriations of his name and likeness claim is presumably regarding only the article posted to Minghui.org in 2003. The false light claim presumably refers to both 2003 and 2016 postings.

written consent." N.Y. Civ. Rights Law §§ 50, 51; *see also Wright v. Belafonte*, 2014 WL

1302632 at *2 (S.D.N.Y., Mar. 31, 2014) (quoting § 50). Huang does not have a valid statutory

right of privacy claim under New York law regarding the 2016 article because he fails to

demonstrate that the article was used for advertising or commercial purposes.

"Section 50 makes it a misdemeanor to use a living person's name, portrait or picture for

*advertising or trade* purposes" without the written consent of such person. *See Messenger*, 94

N.Y.2d at 441 (emphasis added). Moreover, sections 50 and 51 do not apply to reports of

newsworthy events or matters of public interest because a newsworthy article is not deemed

produced for the purposes of advertising or trade. *See id.*; *see, e.g., Howell v. New York Post

Co.,* 81 N.Y.2d 115, 123 (N.Y. 1993); *see also Stephano v. News Group Publs.,* 64 N.Y.2d 174,

184 (N.Y. 1984).

Plaintiff does not even attempt to demonstrate that the 2016 posting on Zhengjian.org

was for purposes of advertising or trade. Huang describes both Zhengjian.org and Minghui.org

as "related religio[us] organizations with Falun Gong and "public media outlets." SAC ¶ 1.2,

Doc. 43; Amend. Compl at 8, Doc. 24. Minghui.org and Zhengjian.org are news websites

because they function as "platform[s] for communication" of Falun Gong-related news from

around the world. SAC, Ex. AA2C (showing news from China and Thailand); *see also* Amend.

Compl. ¶ 2.2, Doc 24. By calling the websites "public media outlets," Huang acknowledges

their journalistic nature. *See* Amend. Compl at 8, Doc. 24. Because sections 50 and 51 do not

apply to news articles, Huang's false light claim for the 2016 posting fails as a matter of law and

must be dismissed. *See Abakporo v. Daily News*, 102 A.D.3d 815, 817 (N.Y.A.D. 2 Dep't.

2013) (affirming dismissal where "complaint does not adequately allege facts that would

establish that the subject photograph, which accompanied a newspaper article, was used for

advertising or trade purposes").

## C. Leave to Amend

Although leave to file an amended complaint is to be generously granted, such a grant is not appropriate where it would be futile to permit amendment. *See, e.g. Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC,* 797 F.3d 160, 190 (2d Cir. 2015). This Court has twice previously given Plaintiff leave to amend the complaint. However, Plaintiff failed to fix the defects of his pleading. The Court now finds that it would be futile to permit further amendment.

## I.       CONCLUSION[6]

For the reasons set forth above, Defendant's motion to dismiss with prejudice is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 55, and close this case.

It is SO ORDERED.

Dated:   June 18, 2019
         New York, New York

Edgardo Ramos, U.S.D.J.

---

[6] Because the Court has found that Huang's two claims are either time-barred or fail on the merits, it does not decide whether the SAC also fails as violative of Federal Rule of Civil Procedure 8(a).